1  Carl Warring
   Assistant Attorney General
2  1116 West Riverside Avenue, Suite 100
   Spokane, WA 99201-1106
3  (509) 456-3123

4

5

6                                              Honorable Salvador Mendoza, Jr.

7
                    **UNITED STATES DISTRICT COURT**
8                   **EASTERN DISTRICT OF WASHINGTON**

9  ROBERT P. TODD, a single            NO. 15-00236 SMJ
   person,
10                                      DEFENDANTS' ANSWER
              Plaintiff,                AND JURY DEMAND
11
       v.
12
   STATE OF WASHINGTON,
13 WASHINGTON STATE
   PATROL, DETECTIVE MAJOR
14 BAMBINO, DETECTIVE
   TONY DOUGHTY,
15 DETECTIVE JERRY WALKER,
   DETECTIVE SGT. JESSE
16 REGALADO, DETECTIVE
   JEFF KERSHAW, JOHN
17 DOE(S),

18
              Defendants.
19
        Defendants, STATE OF WASHINGTON, WASHINGTON STATE
20
   PATROL, DETECTIVE MAJOR BAMBINO, DETECTIVE TONY
21
   DOUGHTY, DETECTIVE JERRY WALKER, DETECTIVE SGT. JESSE
22

DEFENDANTS' ANSWER                    1       ATTORNEY GENERAL OF WASHINGTON
AND JURY DEMAND                                         Torts Division
                                             1116 West Riverside, Suite 100
                                               Spokane, WA 99201-1106
                                                    (509) 456-3123

REGALADO, and DETECTIVE JEFF KERSHAW, in answer to Plaintiff's complaint, admit, deny and allege as follows:

## I.     INTRODUCTION

1.1   The allegation is a description of the cause of action, not a short, plain statement demonstrating the Plaintiff is entitled to relief and therefore no answer is required. To the extent and answer is deemed necessary, the Defendants deny any wrongdoing and/or that the Plaintiff is entitled to any relief whatsoever.

1.2   The allegation is a description of the cause of action, not a short, plain statement demonstrating the Plaintiff is entitled to relief and therefore no answer is required. To the extent and answer is deemed necessary, the Defendants deny any wrongdoing and/or that the Plaintiff is entitled to any relief whatsoever.

## II.    JURISDICTION AND VENUE

2.1   The allegation is a description of the cause of action, not a short, plain statement demonstrating the Plaintiff is entitled to relief and therefore no answer is required. To the extent and answer is deemed necessary, the Defendants deny any wrongdoing and/or that the Plaintiff is entitled to any relief whatsoever.

2.2   The allegation is a description of the cause of action, not a short, plain statement demonstrating the Plaintiff is entitled to relief and therefore

1  no answer is required. To the extent and answer is deemed necessary,
2  the Defendants deny any wrongdoing and/or that the Plaintiff is entitled
3  to any relief whatsoever.

4  2.3  Admitted in part, denied in part. Defendants admit that the search at
5  issue in this case occurred in Pend Oreille County. Any allegation or
6  inference from an allegation not specifically admitted is denied.

7  2.4  Admitted. The State of Washington and Washington State Patrol are
8  state entities.

9  2.5  Admitted in part, denied in part. Each of the named defendants was an
10  employee of the Washington State Patrol at the times relevant to this
11  lawsuit. Any allegation or inference from an allegation not specifically
12  admitted is denied.

13  2.6  Denied.

### III.    PARTIES

15  3.1  Admitted.

16  3.2  Admitted in part, denied in part. The State of Washington is a state
17  government entity and through various state agencies operates in Pend
18  Oreille County. Any allegation or inference from an allegation not
19  specifically admitted is denied.

20  3.3  Admitted.

21  3.4  Admitted in part, denied in part. Each of the named defendants was an

employee of the Washington State Patrol at the times relevant to this lawsuit. Any allegation or inference from an allegation not specifically admitted is denied.

### IV. CAUSE OF ACTION FOR VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS

4.1  Denied.

4.2  Denied.

4.3  The allegation calls for a conclusion of law and therefore no answer is required.

4.4  The allegation calls for a conclusion of law and therefore no answer is required.

4.5  Denied.

4.6  The allegation calls for a conclusion of law and therefore no answer is required.

4.7  The allegation calls for a conclusion of law and therefore no answer is required.

4.8  The allegation calls for a conclusion of law and therefore no answer is required.

4.9  Denied.

4.10 The allegation calls for a conclusion of law and therefore no answer is required.

V. **CAUSE OF ACTION FOR VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS PURSUANT TO WASHINGTON STATE'S CONSTITUTION**

5.1 Denied.

5.2 Denied.

5.3 The allegation calls for a conclusion of law and therefore no answer is required.

5.4 The allegation calls for a conclusion of law and therefore no answer is required.

5.5 Denied.

5.6 The allegation calls for a conclusion of law and therefore no answer is required.

5.7 The allegation calls for a conclusion of law and therefore no answer is required.

5.8 The allegation calls for a conclusion of law and therefore no answer is required.

5.9 Denied.

5.10 The allegation calls for a conclusion of law and therefore no answer is required.

5.11 Denied.

VI. **CAUSE OF ACTION FOR CONSPIRACY TO DEPRIVE PERSON OF EQUAL PROTECTION OF LAW**

6.1 Denied.

6.2  Denied.

6.3  The allegation calls for a conclusion of law and therefore no answer is required.

6.4  The allegation calls for a conclusion of law and therefore no answer is required.

6.5  Denied.

6.6  The allegation calls for a conclusion of law and therefore no answer is required.

6.7  The allegation calls for a conclusion of law and therefore no answer is required.

6.8  The allegation calls for a conclusion of law and therefore no answer is required.

6.9  The allegation calls for a conclusion of law and therefore no answer is required.

6.10  Denied.

6.11  The allegation calls for a conclusion of law and therefore no answer is required.

6.12  The allegation calls for a conclusion of law and therefore no answer is required.

6.13  Denied.

# VII. CAUSE OF ACTION FOR VIOLATION OF THE WASHINGTON STATE CIVIL RIGHTS ACT RCW 49.60.030

7.1   Denied.

7.2   Denied.

7.3   The allegation calls for a conclusion of law and therefore no answer is required.

7.4   The allegation calls for a conclusion of law and therefore no answer is required.

7.5   Denied.

7.6   The allegation calls for a conclusion of law and therefore no answer is required.

7.7   The allegation calls for a conclusion of law and therefore no answer is required.

7.8   The allegation calls for a conclusion of law and therefore no answer is required.

7.9   Denied.

7.10  Denied.

7.11  Denied.

7.12  The allegation calls for a conclusion of law and therefore no answer is required.

7.13  The allegation calls for a conclusion of law and therefore no answer is required.

1    7.14   Denied.

2    **VIII.  CAUSE OF ACTION FOR MALICIOUS INJURY TO PROPERTY**

3    8.1    Denied.

4    8.2    Denied.

5    8.3    The allegation calls for a conclusion of law and therefore no answer is
6           required.

7    8.4    Denied.

8    8.5    The allegation calls for a conclusion of law and therefore no answer is
9           required.

10   8.6    The allegation calls for a conclusion of law and therefore no answer is
11          required.

12   8.7    The allegation calls for a conclusion of law and therefore no answer is
13          required.

14   8.8    Denied.

15   8.9    Denied.

16   8.10   Denied.

17   **IX.   CAUSE OF ACTION PURSUANT TO AGENCY THEORY**

18   9.1    Denied.

19   9.2    Denied.

20   9.3    The allegation calls for a conclusion of law and therefore no answer is
21          required.

22

9.4 The allegation calls for a conclusion of law and therefore no answer is required.

9.5 Denied.

9.6 The allegation calls for a conclusion of law and therefore no answer is required.

9.7 The allegation calls for a conclusion of law and therefore no answer is required.

9.8 The allegation calls for a conclusion of law and therefore no answer is required.

9.9 Denied.

9.10 Denied.

9.11 The allegation calls for a conclusion of law and therefore no answer is required.

9.12 Denied.

9.13 The allegation calls for a conclusion of law and therefore no answer is required.

### X. CAUSE OF ACTION PURSUANT TO THE DOCTRINE OF RESPONDEAT SUPERIOR

10.1 Denied.

10.2 Denied.

10.3 The allegation calls for a conclusion of law and therefore no answer is required.

DEFENDANTS' ANSWER AND JURY DEMAND    9    ATTORNEY GENERAL OF WASHINGTON
Torts Division
1116 West Riverside, Suite 100
Spokane, WA 99201-1106
(509) 456-3123

10.4   Denied.

10.5   Denied.

10.6   The allegation calls for a conclusion of law and therefore no answer is required.

10.7   The allegation calls for a conclusion of law and therefore no answer is required.

10.8   The allegation calls for a conclusion of law and therefore no answer is required.

10.9   Denied.

10.10  Denied.

10.11  The allegation calls for a conclusion of law and therefore no answer is required.

10.12  Denied.

10.13  The allegation calls for a conclusion of law and therefore no answer is required.

## XI.   CAUSE OF ACTION FOR NEGLIGENT TRAINING

11.1   Denied.

11.2   Denied.

11.3   The allegation calls for a conclusion of law and therefore no answer is required.

11.4   Denied.

11.5 Denied.

11.6 The allegation calls for a conclusion of law and therefore no answer is required.

11.7 The allegation calls for a conclusion of law and therefore no answer is required.

11.8 The allegation calls for a conclusion of law and therefore no answer is required.

11.9 Denied.

11.10 Denied.

11.11 The allegation calls for a conclusion of law and therefore no answer is required.

11.12 The allegation calls for a conclusion of law and therefore no answer is required.

11.13 Denied.

11.14 The allegation calls for a conclusion of law and therefore no answer is required.

## XII. CAUSE OF ACTION FOR NEGLIGENT TRAINING

12.1 Denied.

12.2 Denied.

12.3 The allegation calls for a conclusion of law and therefore no answer is required.

12.4  Denied.

12.5  Denied.

12.6  The allegation calls for a conclusion of law and therefore no answer is required.

12.7  The allegation calls for a conclusion of law and therefore no answer is required.

12.8  The allegation calls for a conclusion of law and therefore no answer is required.

12.9  Denied.

12.10 Denied.

12.11 The allegation calls for a conclusion of law and therefore no answer is required.

12.12 Denied.

12.13 Denied.

12.14 The allegation calls for a conclusion of law and therefore no answer is required.

12.15 The allegation calls for a conclusion of law and therefore no answer is required.

### XIII. CAUSE OF ACTION FOR NEGLIGENT SUPERVISION

13.1  Denied.

13.2  Denied.

13.3   The allegation calls for a conclusion of law and therefore no answer is required.

13.4   Denied.

13.5   Denied.

13.6   The allegation calls for a conclusion of law and therefore no answer is required.

13.7   The allegation calls for a conclusion of law and therefore no answer is required.

13.8   The allegation calls for a conclusion of law and therefore no answer is required.

13.9   Denied.

13.10  Denied.

13.11  The allegation calls for a conclusion of law and therefore no answer is required.

13.12  Denied.

13.13  The allegation calls for a conclusion of law and therefore no answer is required.

13.14  The allegation calls for a conclusion of law and therefore no answer is required.

13.15  The allegation calls for a conclusion of law and therefore no answer is required.

## XIV. RELIEF SOUGHT

14.1  The allegation is a prayer for relief and therefore no answer is required.

14.2  The allegation is a prayer for relief and therefore no answer is required.

14.3  The allegation is a prayer for relief and therefore no answer is required.

14.4  The allegation is a prayer for relief and therefore no answer is required.

14.5  The allegation is a prayer for relief and therefore no answer is required.

14.6  The allegation is a prayer for relief and therefore no answer is required.

14.7  The allegation is a prayer for relief and therefore no answer is required.

14.8  The allegation is a prayer for relief and therefore no answer is required.

14.9  The allegation is a prayer for relief and therefore no answer is required.

14.10 The allegation is a prayer for relief and therefore no answer is required.

14.11 The allegation is a prayer for relief and therefore no answer is required.

14.12 The allegation is a prayer for relief and therefore no answer is required.

## XV.  AFFIRMATIVE DEFENSES

By Way of FURTHER ANSWER and FIRST AFFIRMATIVE DEFENSE, Defendants allege:

1. SERVICE OF PROCESS - The summons and complaint were never properly served upon Defendants.

2. VENUE - The county in which this action was commenced is not the proper venue for said action.  Venue is most appropriate before the Eastern District of Washington Federal District Court.

3. JURISDICTION – The Eastern District of Washington Federal District Court is the proper jurisdiction for the claims alleged in this suit.

4. COMPARATIVE FAULT - The injuries and damages, if any, claimed by Plaintiff were proximately caused or contributed to by the fault of Plaintiff as defined by RCW 4.22.015.

5. FAILURE TO STATE A CLAIM - Plaintiff has failed to state a claim upon which relief may be granted.

6. QUALIFIED IMMUNITY - The claims alleged under 42 U.S.C. § 1983 against the state employees are barred by the doctrine of qualified immunity.

1  The state law claims against the state employees are barred by state law qualified
2  immunity.
3      7.    COMMISSION OF A FELONY - This action is barred as provided
4  by RCW 4.24.420 on the basis that Plaintiff was engaged in the commission of a
5  felony at the time of the injury/death and the felony was a proximate cause of the
6  injury or death.
7      WHEREFORE, Defendants pray that Plaintiff's complaint be dismissed
8  with prejudice and that Plaintiff take nothing by his complaint and that
9  Defendants be allowed their costs and reasonable attorney fees herein.
10      In the event this case proceeds to trial, the Defendants for whom this
11  answer is filed demand that this case be tried to a jury.
12      DATED this 21st day of September, 2015.

ROBERT W. FERGUSON
Attorney General

  s/Carl P. Warring
CARL WARRING
WSBA No. 27164
Assistant Attorney General
Attorney for Defendants State Of Washington, Washington State Patrol, Detective Major Bambino, Detective Tony Doughty, Detective Jerry Walker, Detective Sgt. Jesse Regalado, Detective Jeff Kershaw
1116 W Riverside, Suite 100
Spokane, WA 99201
(509) 456-3123
carlw@atg.wa.gov

# PROOF OF SERVICE

I certify that I electronically filed the above document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Douglas D. Phelps        phelps@phelpslaw1.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED this 21st day of September, 2015, at Spokane, Washington.

ROBERT W. FERGUSON
Attorney General

  s/Carl P. Warring
CARL WARRING
WSBA No. 27164
Assistant Attorney General
Attorney for Defendants State Of Washington, Washington State Patrol, Detective Major Bambino, Detective Tony Doughty, Detective Jerry Walker, Detective Sgt. Jesse Regalado, Detective Jeff Kershaw
1116 W Riverside, Suite 100
Spokane, WA 99201
(509) 456-3123
carlw@atg.wa.gov